You have requested my opinion on five questions, as hereinafter set forth, relating to the operation of the State *Page 380 
Universities, University of Wisconsin, and the University of Wisconsin System under ch. 100, Laws of 1971.
Specifically, the questions you have asked are:
(1) When the merged Board meets and organizes, should it be as "The Board of Regents of the University of Wisconsin System" or as "The Regents of the University of Wisconsin"?
(2) When the merged Board meets to organize and elect officers, should it elect officers of "The Board of Regents of the University of Wisconsin System" and also officers of the two corporate bodies, above referred to, under Chapter 36 and 37, Wisconsin Statutes 1969?
(3) Can or should the two corporate entities continue to function as such with respect to purchase contracts, construction contracts, security registration, contracts and agreements with the federal government's agencies, etc., etc., following the publication of the legislation provided in 213S?
(4) Can the merged Board hold meetings in the name of "The Regents of the University of Wisconsin" and conduct corporate business under the title of "The Regents of the University of Wisconsin"?
(5) Should the two corporate entities, referred to under Chapter 36 and 37, continue to do business and use their existing corporate seals?
As you have indicated in your letter, the Regents under sec. 36.03, Stats., 1969, constitutes a body corporate. Similarly, the Board of Regents of the State Universities constitutes a body corporate under sec. 37.02 (1), Stats., 1969. These Boards were created and existed by virtue of secs. 15.91 and 15.88, Stats., 1969. Chapter 100 repeals secs. 15.88 and 15.91 and recreates sec. 15.91 to read in part:
"There is created a board of regents of the university of Wisconsin system * * *"
Consequently, it is my opinion that by the repeal of secs. 15.88 and 15.91, Stats., 1969, those corporate entities known as The Regents of the University of Wisconsin and the Board *Page 381 
of Regents of State Universities no longer exist. These corporate entities are dissolved by the Act and a new body corporate is created. The intent to abolish the existing corporate bodies is also evidenced in sec. 20 (6) of the Act which reads:
"The records, property, assets and liabilities of the board of regents of the university of Wisconsin and the board of regents of state universities shall become records, property, assets and liabilities of the board of regents of the university of Wisconsin system. * * *"
Similar legislative intent is also evidenced by sec. 20 of the Act which transfers all powers, duties and functions of the Regents of the University of Wisconsin and The Board of Regents of State Universities to the new Board. With this background in mind, I will address myself to your specific questions.
Question 1
Under ch. 100, Laws of 1971, and after the appointment and confirmation of the appointees as provided therein (sec. 24), the new corporate entity will be known as "Board of Regents of the University of Wisconsin System." This is not only clear from the previously quoted language but sec. 23 of the Act likewise so provides in the following language:
"CORRECTION OF TERMS. Wherever the statutes refer to the board of regents of the university of Wisconsin or the board of regents of state universities, reference to the board of regents of the university of Wisconsin system is substituted."
Therefore, in answer to your question, the new board will be known as:
"Board of Regents of the University of Wisconsin System."
Question 2
As the corporate entities, Regents of the University of Wisconsin and the Board of Regents of the State Universities will no longer exist, there is no authority or need for these former entities to have officers. *Page 382 
 Questions 3-4-5
The answer to each of these questions is no.
As stated previously, the former bodies corporate no longer exist. They have been dissolved by act of the legislature. As they no longer exist, they cannot continue to do business as if they did. Although the central administration of the two systems is retained for a period under sec. 22 of the Act, this does not in any way change the fact that the corporate entities themselves no longer exist.
Although the Act, in my opinion, appears to abolish the former Boards, it should not be forgotten that the Act requires judicial challenge. Should the Act be subsequently declared unconstitutional, the former Boards will not have been dissolved. Notwithstanding this clod of judicial scrutiny, it is a well established rule of law that acts of the legislature are presumed constitutional. It is my opinion that the new Board should proceed on the premise that the Act is constitutional, albeit with caution.
RWW:CAB